## BOOTH LUMBER & LOAN CO. v. SEWELL PAINT & GLASS CO. OF TEXAS.

Circuit Court of Appeals, Fifth Circuit.
February 10, 1928.

No. 5163.

Sales ⚖➔418(8)—Future repainting expenses, loss of profits, trade-mark damages, and exemplary damages held too remote and speculative as damages for inferior paint.

In action on open account for paints sold and delivered, in which defendant pleaded by way of set-off the cost of repainting necessitated because paint was of poor quality, defendant's claims for possible expenditures in future for similar work, loss of profits to business in general, loss occasioned by closing a lumber yard, damages to trade-mark, and exemplary damages, asserted in cross-action and reconvention, *held* properly stricken out, as not within contemplation of parties, and as too remote and speculative, in absence of pleading of special circumstances.

In Error to the District Court of the United States for the Northern District of Texas; William H. Atwell, Judge.

Action by the Sewell Paint & Glass Company of Texas against the Booth Lumber & Loan Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Lyle Saxon and Geo. T. Burgess, both of Dallas, Tex. (Burgess, Owsley, Storey & Stewart and O. J. Van Valin, all of Dallas, Tex., on the brief), for plaintiff in error.

Carlton R. Winn, of Dallas, Tex. (Turner & Rodgers, of Dallas, Tex., on the brief), for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. Defendant in error brought suit on an open account for certain paints sold and delivered to plaintiff in error, amounting to $5,800. The amount of the bill was not disputed, but it was alleged in the answer that the paint sold was of such poor quality that a number of buildings had to be repainted, and the cost of doing said

work was pleaded in set-off. The answer then set up a cross-action, and prayed in reconvention for a recovery of various items of damages, to wit, the cost of repainting certain buildings, what might be expended in the future for similar work, for loss of profits to the business in general, loss occasioned by closing a lumber yard, damages to a trademark, and exemplary damages. On exceptions to the answer, those claims were stricken out, but one of them, the loss occasioned by repainting some buildings, approximately a duplication of the same item pleaded in set-off, was submitted to the jury. The result was a verdict of only $1,635.51. There was no exception to the charge of the court, and the only errors assigned run to the maintaining of the exceptions to the parts of the answer above set out. There were no special circumstances pleaded that would show the damages claimed could possibly have been within the contemplation of the parties, and it is evident that the claims were too remote and speculative to have been allowed.

We find no error in the record. Affirmed.